```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
    CHARLES V. KLINGBERG, JR. and    1:17-cv-05563-NLH-AMD
    BRENDA KLINGBERG,
                                                OPINION
              Plaintiff,

         v.

    LISA HATCHER, RON MIDDLETON,
    SCOTT OBERMEIER, DAVE
    WALLACE, and GLOUCESTER
    TOWNSHIP,

              Defendants.
```

**APPEARANCES:**

PETER M. KOBER
1864 RT 70 EAST
CHERRY HILL, NJ 08003
    On behalf of Plaintiff

RICHARD L. GOLDSTEIN
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
15000 MIDLANTIC DRIVE
SUITE 200
P.O. BOX 5429
MOUNT LAUREL, NJ 08054
    On behalf of Defendants Lisa Hatcher, Ron Middleton, Scott
    Obermeier, and Gloucester Township

JESSICA ANN JANNETTI
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625
    On behalf of Defendant Dave Wallace

**HILLMAN, District Judge**

This matter concerns constitutional claims by Plaintiffs

arising out of their fifteen-hour detention at a police station. The police were investigating a fire at Plaintiff's apartment. After the investigation, no charges were filed. Presently before the Court is the motion of Defendant Dave Wallace, one of the investigators, to dismiss Plaintiffs' claims against him. For the reasons expressed below, Defendant's motion will be granted with leave granted to amend.

## BACKGROUND[1]

At 8:00 a.m. on January 27, 2016, Plaintiff Charles V. Klingberg, Jr., received a call at work that his apartment was on fire. He called his wife, Plaintiff Brenda Klingberg, who was also at work. Both Plaintiffs immediately left work and drove to their home in Gloucester Township, New Jersey. When they got to their apartment, they identified themselves to the Gloucester Township police officers at the scene. An officer directed Plaintiffs to get into a patrol car in order to be driven to the station to give a statement. Plaintiffs claim that they felt they had no choice but to follow that command.

Once at the police station at 9:30 a.m., Plaintiffs were placed in separate interrogation rooms. Plaintiffs claim that

---

[1] The facts recited here are taken from the Complaint. As noted below, when considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

2

Defendants Lisa Hatcher, Ron Middleton, Scott Obermeier, Gloucester Township police officers, did not permit them to speak to each other, make a phone call, or leave the station, despite being told they were not under arrest.

According to Plaintiffs' amended complaint, at 4:30 p.m., Hatcher, Middleton, Obermeier, and Defendant Dave Wallace, an investigator with the Camden County Prosecutor's Office,[2] "or some of them," interrogated Brenda Klingberg. At 7:00 p.m., Obermeier met with Charles Klingberg and took his statement. At 10:00 p.m. to 11:00 p.m., Middleton and Wallace interrogated Charles Klingberg, described as "rough." At 11:00 p.m., Charles Klingberg was administered a polygraph test.

Plaintiffs claim that during their detention, they did not receive any food or drink until 11:00 p.m., and they were only allowed to use a jail cell toilet. At 1:00 a.m., they were permitted to leave the police station, and were never arrested.

Plaintiffs claim that they were unreasonably seized and detained in violation of the Fourth Amendment of the U.S.

---

[2] Under New Jersey law, when a county prosecutor investigator performs law enforcement functions, he acts as an agent of the State, and the State must indemnify a judgment arising from his conduct. Watkins v. City of Newark Police Department, 2018 WL 1306267, at *3 (D.N.J. 2018) (citing Hyatt v. Cty. of Passaic, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting Wright v. State, 778 A.2d 443, 461–62, 464 (N.J. 2001)).

3

Constitution and the New Jersey Civil Rights Act.  Wallace has moved to dismiss Plaintiffs' claims against him because he is entitled to qualified immunity, and because Plaintiffs have failed to meet the proper pleading standard to state a viable claim against him.  Plaintiff has opposed Wallace's motion.[3]

## DISCUSSION

**A. Subject Matter Jurisdiction**

This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

**B. Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

---

[3] While Wallace's motion has been pending, defense counsel took the depositions of Plaintiffs, and on June 14, 2018, Plaintiffs settled their claims against the other Defendants.  (Docket No. 30.)  Counsel for Wallace relates that if Wallace's motion to dismiss is denied, Wallace intends to file a motion for summary judgment based on Plaintiffs' depositions.  (Id.)

4

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416

5

U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**C. Analysis**

Plaintiffs have brought their claims pursuant to 42 U.S.C. § 1983, as well as the NJCRA, which was modeled after § 1983 and is interpreted analogously with § 1983.[4] Section 1983 provides in pertinent part, "Every person who, under color of any

---

[4] "By its terms, of course, [§ 1983] creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). Thus, "[t]o establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). Like § 1983, NJCRA is a means of vindicating substantive rights and is not a source of rights itself. Gormley v. Wood-El, 93 A.3d 344, 358 (N.J. 2014). Because the NJCRA was modeled after § 1983, and creates a private cause of action for violations of civil rights secured under either the United States or New Jersey Constitutions, the NJCRA is interpreted analogously to § 1983. See Norman v. Haddon Township, 2017 WL 2812876, at *4 (D.N.J. 2017).

6

statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

For claims asserted under § 1983 and the NJCRA, a state actor may be afforded qualified immunity.[5] "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. 658, 664 (2012). In order to determine whether a government official is entitled to qualified immunity, two questions are to be asked: (1) has the plaintiff alleged or shown a violation of a constitutional right, and (2) is the right at issue "clearly established" at the time of the defendant's alleged misconduct? Pearson v. Callahan, 555 U.S.

---

[5] Plaintiffs have only sued Wallace in this individual capacity, which is proper because any § 1983 or NJCRA claims against Wallace in his official capacity could not be maintained. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983); Roberts v. New Jersey Turnpike Authority, 2016 WL 6407276, at *5 (N.J. Super. Ct. App. Div. 2016) (citations omitted) ("We affirm neither the State nor its officials acting in their official capacities are 'persons' under the [NJCRA].").

7

223, 236 (2009).

Under the Fourth Amendment, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated," U.S. Const. amend. IV, and it is binding on the states through the Fourteenth Amendment, Holland v. Rosen, --- F.3d ---, 2018 WL 3340930, at *18 (July 9, 2018) (citing Maryland v. King, 569 U.S. 435, 446 (2013)). Not all seizures run afoul of the Fourth Amendment, and the touchstone is reasonableness. Id. (quoting Florida v. Jimeno, 500 U.S. 248, 250 (1991)). To determine whether a seizure is reasonable, a court examines the totality of circumstances and balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Id. (citation omitted).

Wallace argues that Plaintiffs' claims against him must be dismissed because he is entitled to qualified immunity. Wallace argues that Plaintiffs have failed to articulate how he violated their Fourth Amendment rights since most of Plaintiffs' allegations are directed at the Gloucester Township police officer defendants, and Plaintiffs' only allegation against him is that he, along with Middleton, conducted a "rough" interrogation of Charles Klingberg. Wallace argues that the dearth of facts in Plaintiffs' complaint as to how his conduct

constituted an unreasonable seizure and detention, and how his participation in the questioning of Charles Klingberg resulted in a constitutional violation that is clearly established, is fatal to Plaintiffs' claims against him.  For those same reasons, Wallace argues that Plaintiffs' complaint fails to satisfy the Twombly/Iqbal pleading standards to state a viable claim against him.

In response, Plaintiffs argue that they have stated actionable constitutional claims against Wallace because the illegality of going ahead with the interrogation absent probable cause, judicial intervention, or consent of the suspects to interrogation should have been obvious to him.  Plaintiffs further argue that Wallace should have inquired of Plaintiffs if they would subject themselves to the interrogation by consent, and if he did so and learned that they did not consent, Wallace should have declined to participate in the interrogation, and should have told the Gloucester Township police officers to release them immediately.  Because Wallace failed to do any of these things, and continued to participate in the interrogation, Wallace violated their constitutional rights.

The Court agrees with Wallace that Plaintiffs' complaint does not comply with Rule 8(a) or Twombly/Iqbal.  The only allegations in the complaint against Wallace are that he arrived at the police station around 4:30 p.m., he and Middleton

9

interrogated Charles Klingberg from 10:00 p.m. to 11:00 p.m., and the interrogation itself was "rough."  A constitutional claim brought pursuant to § 1983 requires Plaintiffs to show that Wallace was a legal cause of their unreasonable detention. Schneyder v. Smith, 653 F.3d 313, 327 (3d Cir. 2011) (citing Martinez v. California, 444 U.S. 277, 284–85 (1980); Restatement (Second) of Torts § 431) (other citations omitted) (explaining that "in tort law a person's action is a legal cause of another's injury if his conduct is a substantial factor in bringing about the harm," and "'[l]urk[ing]' in this understanding of causation is 'the idea of responsibility'; the real question is whether an ordinary person would regard the act in question as having caused the harm, 'in the popular sense'")).  The three allegations regarding Wallace in Plaintiffs' complaint provide little information as to Wallace's role in the detention itself or how his questioning of Charles Klingberg was unreasonable under the circumstances.

Moreover, Plaintiffs' elaboration on their claims against Wallace in their opposition brief have no effect on the sufficiency of their complaint as currently pleaded.  A plaintiff may not amend his complaint through arguments in a brief.  Hall v. Revolt Media & TV, LLC, 2018 WL 3201795, at *3 (D.N.J. June 29, 2018) (citing Com. Of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)).

Plaintiffs do not seek leave to add their allegations from their brief to their complaint, but the Third Circuit has directed that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile. Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017) (citing Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007)). In the current procedural posture of the case, see *supra* note 2, the Court cannot determine whether permitting such an amendment would be inequitable or futile.[6] Thus, the Court will grant Wallace's motion to dismiss Plaintiffs' claims against him, and afford Plaintiffs thirty days to file a second amended complaint, to which Wallace may respond as he deems appropriate

---

[6] Even though Wallace argues that he is entitled to qualified immunity, such a determination is not typically appropriate at the motion to dismiss stage because the only facts upon which a court can properly rely in determining the objective reasonableness of a defendant's actions are those factual allegations which are contained in the complaint. Garlanger v. Verbeke, 223 F. Supp. 2d 596, 608 (D.N.J. 2002). However, because the amended complaint fails to allege sufficient facts to make out a plausible claim of a constitutional violation by Wallace, it could be held that Wallace is entitled to qualified immunity because Plaintiffs have failed to state a plausible claim that Wallace acted unreasonably in his detention and interrogation of Plaintiffs. In this context, the qualified immunity analysis overlaps with the Rule 8 and Twombly/Iqbal analysis. Nonetheless, the Court declines to dismiss on that basis in light of the possibility that an amendment would cure the deficiencies noted in the amended complaint.

and as the Rules allow.

## **CONCLUSION**

Plaintiffs' claims against Wallace will be dismissed without prejudice, and the Court will provide Plaintiffs with thirty days to file a second amended complaint to address the deficiencies noted in this Opinion if they are able to do so.


Date:  July 13, 2018          s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.